IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BRIAN ALLEN WILLMAN,     )
             )
    Plaintiff,     )  TC-MD 240349N
             )
   v.        )
             )
DEPARTMENT OF REVENUE,    )
State of Oregon,      )
             )
             )
    Defendant.    ) **DECISION**

Plaintiff appealed Defendant's New Application Denial, dated February 27, 2024, for the 2024-25 tax year. Defendant denied Plaintiff's application for property tax deferral because his household income exceeded the $58,000 annual limit. (Compl at 7.) Plaintiff maintains that he qualifies for deferral because he "mistakenly included $35,076 as Social Security Disability income on [his] original property tax deferral application." (*Id.* at 5.) Defendant maintains that Plaintiff's household income included social security income. (Def's Resp at 1.)

## I.  STATEMENT OF FACTS

The relevant facts are brief and not in dispute: Plaintiff's 2023 adjusted gross income (AGI) was $25,465. (Ptf's Ltr at Attach 2, Jul 22, 2024.)  Plaintiff reported $38,820 in total social security benefits for 2023, of which $3,744 was taxable and $35,076 was exempt. (*Id.*; *see also* Compl at 5, Def's Resp at 1.) Defendant denied Plaintiff's application for property tax deferral because his household income, including the total amount of social security income, exceeded the $58,000 limit to be eligible for property tax deferral for the 2024-25 tax year. (Def's Resp at 1.)

## II.  ANALYSIS

Oregon provides a property tax deferral to individuals who are 62 years of age or older or who have a qualifying disability if they meet all other program eligibility requirements. *See* ORS 311.668(1)(a).[1] One such program requirement, at issue here, is a limitation on household income. ORS 311.668(2)(a)(A) states "deferral may not be granted under ORS 311.666 to 311.701 with respect to a claim filed by individuals who together have, for the calendar year immediately preceding the calendar year in which the claim for deferral is filed * * * Household income of $32,000 or more[.]" ORS 311.668(2)(b) directs Defendant to annually recalculate the household income limit in accordance with changes in the Consumer Price Index. Defendant reported that the income limit for 2024-25 was $58,000, which Plaintiff does not dispute.

Plaintiff maintains that his 2023 income should not include $35,076 in social security income, whereas Defendant maintains that ORS 311.666(6)(a)(N) expressly includes that income. For purposes of the property tax deferral program, "household income" is defined as "the aggregate income of the taxpayer and the spouse of the taxpayer who occupy the homestead, that was received during the calendar year for which the claim is filed." ORS 311.666(5). "Income" is defined as federal AGI, subject to a list of modifications. ORS 311.666(6). One such modification is as follows: "There shall be added to [AGI] the following items of otherwise exempt income: * * * * * (N) Payments received under the federal Social Security Act that are excluded from federal gross income." ORS 311.666(6)(a)(N). Putting those statutory definitions together, the court agrees with Defendant that Plaintiff's exempt social security income must be added to his AGI to determine "household income" for purposes of the property tax deferral.

Plaintiff's 2023 AGI was $25,465. Adding to that the exempt social security income of $35,076 yields total household income of $60,541. Plaintiff's total household income exceeded

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

the $58,000 limit for the 2024-25 tax year, so he was not entitled to deferral for that year.

## III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff did not qualify for property tax deferral for the 2024-25 tax year because his household income, for purposes of the deferral program, exceeded the 2024-25 tax year income limit. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2024-25 tax year is denied.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on December 5, 2024.*